**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LEO AR FORT LEAVENWORTH,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE ARMY,<br>Agency. | DOCKET NUMBERS<br>DE-0842-14-0412-I-1<br>DE-0842-14-0408-I-1<br>DE-0842-14-0409-I-1<br>DE-0842-14-0410-I-1<br><br>DATE: February 2, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janice L. Jackson, Leavenworth, Kansas, for the appellants.

Anne E. Hinkebein, Esquire, Fort Leavenworth, Kansas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellants have filed a petition for review of the initial decision, which dismissed their appeals for lack of jurisdiction.[2]  Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2] The administrative judge consolidated the appeals filed by three appellants pursuant to 5 C.F.R. § 1201.36(a)(1).  MSPB Docket No. DE-0842-14-0412-I-1, Consolidated

such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellants are employees within the agency's medical command assigned to the agency's United States Disciplinary Barracks and Military Corrections Complex. CAF, Tab 4 at 7-8. After each of their respective appointments, the agency began the process of determining and obtaining special retirement coverage approval—specifically, law enforcement officer (LEO) retirement coverage—for the appellants' positions. *Id*. at 8. Central to the issue in this appeal, the agency has not yet reached a final decision as to whether the appellants qualify for LEO retirement coverage.[3] *Id*. at 11; *see* 5 C.F.R. §§ 842.801(b) (the Office of Personnel Management (OPM) delegation of authority to agency regarding special retirement coverage approval), 842.807(a)

---

Appeal File (CAF), Tab 1; *see* MSPB Docket Nos. DE-0842-14-0408-I-1, DE-0842-14-0409-I-1, and DE-0842-14-0410-I-1.

[3] The agency presented a lengthy narrative explanation to the administrative judge outlining why a final decision on the appellants' LEO coverage has not yet been reached. *See* CAF, Tab 4 at 5-7.

(an employee may appeal an administrative determination of LEO retirement coverage to the Board only after a final decision is rendered).

¶3 The appellants filed individual appeals contending that the agency determined they were not entitled to LEO retirement coverage. *See, e.g.*, MSPB Docket No. DE-0842-14-0408-I-1, Initial Appeal File, Tab 1. The administrative judge consolidated the appellants' appeals and issued notice of their burden to establish the Board's jurisdiction over such an appeal, including the need to nonfrivolously allege that the agency reached a final decision on their LEO retirement coverage or that the agency has refused to render such a decision. CAF, Tab 7. The administrative judge found that the agency had not rendered a final decision on the appellants' retirement coverage eligibility and that it remained in the process of doing so, and he dismissed the consolidated appeals for lack of jurisdiction. CAF, Tab 11, Initial Decision (ID) at 4-5. The appellants have filed a petition for review of the initial decision, and the agency has filed a response in opposition. MSPB Docket No. DE-0842-14-0412-I-1, Petition for Review (PFR) File, Tabs 1, 3.

¶4 Board review of an administrative determination of LEO retirement eligibility is generally limited to a final agency decision. *See Fitzgerald v. Department of the Navy*, 70 M.S.P.R. 152, 155-56 (1996), *overruled on other grounds*, *Streeter v. Department of Defense*, 80 M.S.P.R. 481, ¶¶ 6-8 (1998); 5 C.F.R. § 842.807(a). The Board has recognized a limited exception to this principle when the agency, or OPM, if involved in the determination at issue, refuses to render a final decision. *See Blade v. Office of Personnel Management*, 97 M.S.P.R. 92, ¶ 9 (2004); *McGuire v. Department of Veterans Affairs*, 76 M.S.P.R. 259, 262-63 (1997). In such cases, the Board will assume jurisdiction over the determination at issue, even in the absence of a final decision. *See Blade*, 97 M.S.P.R. 92, ¶ 9.

¶5 We agree with the administrative judge that the appellants have failed to nonfrivolously allege that the agency has refused to render a final decision on

their LEO retirement coverage. ID at 4-5. Although the appellants allege that their retirement coverage eligibility has been pending with the agency for a number of years, the agency demonstrated below that it is in the process of determining the LEO retirement eligibility for a number of agency positions, including the appellants'. *See* CAF, Tab 4 at 8-10. The agency has also demonstrated on petition for review that the process of determining the appellants' LEO retirement eligibility remains active and ongoing. *See* PFR File, Tab 3. We thus agree with the administrative judge that the appellants cannot establish Board jurisdiction over their appeals based on the agency's refusal to issue a final decision. ID at 4-5.

¶6 The facts of this case, moreover, differentiate it from the few instances where the Board has assumed jurisdiction over an administrative determination concerning retirement eligibility in the absence of a final decision. *See, e.g.*, *DeGrant v. Office of Personnel Management*, 107 M.S.P.R. 414, ¶ 13 (2007); *Blade*, 97 M.S.P.R. 92, ¶ 6. In those cases, for example, the Board found that the appellants nonfrivolously alleged jurisdiction based on OPM's refusal to respond to, or acknowledge, the employees' requests for a final decision or orders to show cause issued by an administrative judge in a Board appeal seeking to determine if, and whether, a final decision would be rendered. *See DeGrant*, 107 M.S.P.R. 414, ¶ 13; *Blade*, 97 M.S.P.R. 92, ¶ 9. Here, by contrast, the agency continues to express an interest and intent to render a final decision. CAF, Tab 4 at 8-10; PFR File, Tab 3. Once final decisions are rendered and if they are unfavorable, the appellants can file appeals with the Board challenging the merits of those determinations. *See McGuire*, 76 M.S.P.R. at 263; 5 C.F.R. § 842.807(a).

¶7 Under the present circumstances of this case, we find no evidence that the agency has refused to render a decision on the appellants' LEO retirement eligibility. The administrative judge's jurisdictional dismissal of the consolidated appeals is therefore AFFIRMED.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.